UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL SUTTLEHAN and NANCY SUTTLEHAN,

       Plaintiffs,

 -v-

MIDFIRST BANK,

       Defendant.

Case No. 15-CV-8348 (KMK)

<u>OPINION & ORDER</u>

Appearances:

James V. Galvin, Esq.
Bonacic, Krahulik, Cuddeback, McMahon & Brady, LLP
Middletown, NY
Counsel for Plaintiffs

Lori Beth Lewis, Esq.
Lewis Scaria & Cote, LLC
White Plains, NY
Counsel for Defendant

KENNETH M. KARAS, District Judge:

  Plaintiffs Michael Suttlehan and Nancy Suttlehan (collectively, "Plaintiffs") bring this action related to injuries Plaintiff Michael Suttlehan sustained while on Defendant's premises. Defendant removed the case to federal court, and Plaintiffs move to remand. For the reasons to follow, Plaintiffs' Motion is denied.

I. Background

  Plaintiffs filed their initial complaint in New York State Supreme Court alleging that MidFirst Bank's ("Defendant") negligence caused Plaintiff Michael Suttlehan to fall and sustain injuries while on Defendant's premises on March 6, 2015. (*See* Notice of Removal Ex. A

("Compl." (Dkt. No. 1).)  On April 12, 2015, Defendant filed its verified answer.  (*See* Notice of Removal Ex. B.)  Shortly thereafter, on approximately April 28, 2015, the Town of New Windsor ("the Town") filed a Summons and Verified Complaint against Defendant based upon the same events at issue in Plaintiffs' suit.  (*See* Mem. of Law in Supp. of Pls.' Mot. To Remand ("Pls.' Mem.") 4–8 (Dkt. No. 22); *compare also* Compl., *with* Pls.' Mem. Ex. D ("Town Compl.").)  According to the Town's complaint, Plaintiffs' damages totaled at least $168,416.17.  (Town Compl. ¶ 23.)  Additionally, on July 20, 2015, Defendant's attorney emailed counsel for the Town, "agree[ing] [that] [the parties to that lawsuit] should consolidate th[e] action with the underlying action brought by Michael Suttlehan," but adding that "whether [they] do it in Supreme Court or Federal Court needs to be determined."  (Reply Aff'n in Supp. of Mot. To Remand ("Pls.' Reply") Ex. A (Dkt. No. 25).)

On September 25, 2015, Plaintiffs served a verified bill of particulars on Defendant.  (*See* Notice of Removal ¶ 7; Notice of Removal Ex. C ("Bill of Particulars").)  On October 22, 2015, Defendant filed a notice of removal pursuant to 28 U.S.C. § 1446(b), removing the action from State Supreme Court to this Court.  (*See generally* Notice of Removal.)

On November 18, 2015, Plaintiffs moved to remand the case to state court, (*see* Dkt. Nos. 3–9), relief this Court denied for failure to follow its Individual Practices, (*see* Dkt. No. 10).  Thereafter, on November 20, 2015, counsel for Plaintiffs submitted a pre-motion letter, (*see* Letter from James V. Galvin, Esq., to Court (Nov. 20, 2015) (Dkt. No. 11)), to which Defendant responded on December 7, 2015, (*see* Letter from Lori B. Lewis, Esq., to Court (Dec. 7, 2015) (Dkt. No. 15)).  The Court held a pre-motion conference on February 3, 2016, (*see* Dkt. (minute entry for Feb. 3, 2016)), and, on February 18, 2016, Plaintiffs filed their Motion to Remand and accompanying papers, (*see* Dkt. Nos. 20, 22), arguing that Defendant's Notice of Removal was

untimely, (*see* Pls.' Mem. 4–8.)  On March 9, 2016, Defendant's counsel filed an affirmation in opposition to Plaintiffs' Motion, (*see* Aff'n in Opp'n ("Def.'s Opp'n") (Dkt. No. 24)), and, on March 23, 2016, counsel for Plaintiffs replied in support of their original motion, (*see* Pls.' Reply).

## II.  Discussion

### A.  General Principles

"'Federal courts are courts of limited jurisdiction' that 'possess only that power authorized by Constitution and statute.'"  *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Among the limited categories of disputes over which a federal court may exercise jurisdiction are those "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C § 1332(a)(1).  Where, as here, a case meets these requirements, but was nevertheless initiated in state court, it "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending," at least if Congress has not provided otherwise, 28 U.S.C. § 1441(a), and provided that the defendant in the diversity action is not a citizen of the state where the action was brought, *id.* § 1441(b)(2).  "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013); *see also Commonwealth Advisors Inc. v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-CV-7834, 2016 WL 3542462, at *2 (S.D.N.Y. June 23, 2016) (same).

This right to removal, however, has a shelf life, and, where the action has been pending for a year or less, *see* 28 U.S.C. § 1446(c)(1), the notice of removal is to be "filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," *see id.* § 1446(b)(3).  Where, as here, "the case stated by the initial pleading [was] not removable solely because the amount in controversy [did] not exceed" $75,000, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."  *Id.* § 1446(c)(3)(A).

The dispute here is whether some "other paper from which it may . . . be ascertained that the case is one which is . . . removable," § 1446(b)(3), started the clock early enough that those 30 days have now lapsed.  Plaintiffs say yes, reasoning that the clock started ticking upon filing of the action brought by the Town, (*see* Pls.' Mem. 5), when the parties to these two actions considered consolidating the cases, (*see id.* at 6), or, perhaps, upon a July 20, 2015 email exchange between counsel for Defendant and the Town, (*see* Pls.' Reply ¶ 9).  Defendant disagrees, arguing that it did not start until receipt of Plaintiffs' late September 2015 Bill of Particulars, (*see* Def.'s Opp'n ¶ 4; Bill of Particulars).  At bottom, the dispute is whether a "paper from which it may . . . be ascertained that [a] case . . . is or has become removable," *see* § 1446(b)(3), may include (1) a pleading from a separate, non-consolidated lawsuit, (2) an oral discussion in the context of a proposed consolidation, or (3) documents composed at least in part by Defendant's counsel, specifically, a draft stipulation consolidating Plaintiffs' and the Town's actions or an email from Defendant's attorney to the Town's counsel.  The Court considers each in turn.

B. The Pleading from the Town's Action

To begin, the conceptual issue surrounding whether the Town summons and complaint can start the clock, at its core, has to do with whether papers from other lawsuits may count as an "other paper." As a general proposition, many courts have determined that documents emanating from without the lawsuit do not count as an "other paper" within the meaning of § 1446(b)(3). *See, e.g.*, *Garth O. Green Enters., Inc. v. Harward*, No. 14-CV-266, 2014 WL 3404620, at *3 (D. Utah July 10, 2014) ("The general rule is that documents generated in cases separate from a case as to which removal is sought are neither orders nor other paper within the meaning of 28 U.S.C. § 1446(b)." (internal quotation marks omitted)); *Illinois v. McGraw-Hill Cos.*, No. 13-CV-1725, 2013 WL 1874279, at *2 (N.D. Ill. May 2, 2013) (noting that "a majority of courts in this and other circuits[] have held that filings in other lawsuits—including those involving the same defendant in parallel, factually-similar state actions—do not constitute 'other papers' for removal purposes" and collecting cases); *Disher v. Citigroup Glob. Markets, Inc.*, 487 F. Supp. 2d 1009, 1016 (S.D. Ill. 2007) (noting "the general rule in the federal courts that documents generated in cases separate from a case as to which removal is sought are neither orders nor other paper within the meaning of 28 U.S.C. § 1446(b)" and collecting cases); *Arseneault v. Congoleum*, No. 01-CV-10657, 2002 WL 472256, at *4 (S.D.N.Y. Mar. 26, 2002) ("[C]ourts—or at least many courts—have generally required that notice be ascertainable from the record or papers produced in the action itself." (internal quotation marks omitted)), *reconsideration granted on other grounds*, 2002 WL 531006 (S.D.N.Y. Apr. 8, 2002); *see also* 32A Am. Jur. 2d Federal Courts § 1451 ("[T]he phrase 'other paper' includes only documents filed in the case for which removal is sought."). This, of course, spells at least provisional trouble for Plaintiffs' hopes of remand.

To this, Plaintiffs implicitly argue that the Town's case is not quite a different one, but rather is sufficiently similar that this distinction should not matter.  While it is not wholly outside the realm of conceivability that such logic could prevail, *see Hood v. Beacon Therapeutic Diagnostic & Treatment Ctr.*, No. 97-CV-1717, 1997 WL 323782, at *1–2 (N.D. Ill. June 9, 1997) (remanding a case removed within 30 days of February 1997 consolidation where the plaintiff had initially filed (1) a non-removable June 7, 1995 wrongful death action and (2) a removable June 10, 1996 civil rights action, reasoning that, "[d]espite ample time" from June 10, 1996 to do so, "[the defendant] chose not to remove the case"), such a position is nevertheless at least suspect, *cf. Webb Equip. Co. v. Auto Owners Ins. Co.*, No. 10-CV-5138, 2010 WL 1576731, at *3 (W.D. Wash. Apr. 20, 2010) ("The phrase 'other paper' cannot refer to pleadings filed in a separate, distinct case, in which the parties are not the same."); *Rynearson v. Motricity, Inc.*, 626 F. Supp. 2d 1093, 1097 (W.D. Wash. 2009) (rejecting the argument that an affidavit from the plaintiff's counsel in another case could count as an "other paper," and referring to the "the central rule" that "the phrase 'other paper' utilized in [§] 1446(b) cannot refer to pleadings filed in a separate, distinct case, in which the parties are not the same" (some internal quotation marks omitted)); *Kaplansky v. Associated YM-YWHA's of Greater N.Y., Inc.*, No. 88-CV-1292, 1989 WL 29938, at *1–2 (E.D.N.Y. Mar. 27, 1989) (rejecting the notion that the filing of a second lawsuit against the same defendant counted as an "amended pleading" of the first lawsuit, such that the first lawsuit could be removed within 30 days); *Growth Realty Cos. v. Burnac Mortg. Inv'rs, Ltd.*, 474 F. Supp. 991, 996 (D.P.R. 1979) ("As to the issue of timeliness we find that the phrase 'other paper' utilized in [§] 1446(b) cannot refer to pleadings filed in a separate, distinct

case, in which the parties are not the same and which has not been consolidated as allowed by the local laws of Civil Procedure with the case at the bar.").[1]

The Court concludes Plaintiffs' position should not carry the day for a few reasons. First, it is significant that even if the two cases are quite similar, they were not actually consolidated. This matters because courts have recognized that consolidation is a moment of potential consequence for § 1446(b) purposes. *See In re Methyl Tertiary Butyl Ether ("MTBE") Products Liab. Litig.*, 399 F. Supp. 2d 340, 353 (S.D.N.Y. 2005) ("The few federal courts that have considered the effect of state consolidation on jurisdiction have found that, under certain circumstances, where two actions are consolidated into a single action, state-ordered consolidation may affect jurisdiction and removability."). Second, courts addressing the issue of when removal is appropriate focus on whether the plaintiff has engaged in a voluntary act. *See, e.g.*, *Village of Chestnut Ridge v. Town of Ramapo*, No. 07-CV-9278, 2008 WL 4525753, at *6 (S.D.N.Y. Sept. 30, 2008) ("A state court case that initially is non-removable cannot subsequently become removable or be transformed into a removable case unless a change occurs that makes it removable as a result of the plaintiff's voluntary act." (internal quotation marks omitted)); *cf. Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (per curiam) ("[T]he removal clock does not start to run until *the plaintiff* serves the defendant with a paper

---

[1] The debatable nature of that proposition is further underscored in the federal question removal context by the fact that, while the Fifth Circuit has held that a decision in one case could count as a § 1446(b)(3) "order" in another where the cases involved shared defendants, factual situations, and legal conclusions, *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 268 (5th Cir. 2001), the Third Circuit rejected that approach, instead standing by its precedent holding that, for an order in one case to permit removal in another, the first order, among other things, must have "expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues," *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 210 (3d Cir. 2014) (internal quotation marks omitted).

that explicitly specifies the amount of monetary damages sought." (emphasis added)).  To view this question differently and hold that a lawsuit brought by someone else could afford a basis for removal would make the line of when a case is removable less bright.  *Cf. Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) (discussing the Second Circuit's earlier holding in *Moltner* concerning the degree of precision as to requested damages required for the defendant to understand that the case had become removable, and noting that "a bright line rule is preferable to the uncertainties faced by defendants in determining removability" (internal quotation marks omitted)).

   Third, concluding that a filing in another action is not an "other paper" is most consistent with the text of the statute.  Indeed, § 1446(b)(3) says in pertinent part that "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  In the context of such wording, "the generalized term 'other paper' appears to be limited by the three specific terms that precede it, all of which implicitly refer only to documents generated in the same proceeding."  *Connecticut v. McGraw Hill Cos., Inc.*, No. 13-CV-311, 2013 WL 1759864, at *4 (D. Conn. Apr. 24, 2013) (some internal quotation marks omitted); *see also Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (noting the rule of ejusdem generis, which indicates that "when a statute sets out a series of specific items ending with a general term, that general term is confined to covering subjects comparable to the specifics it follows").  The Court thus believes it makes sense for the "other paper[s]" to be

subject to a similar limitation, and, therefore, concludes that the summons and complaint in the Town's action cannot start the 30-day clock ticking.[2]

### C. Consolidation Conference

Perhaps recognizing the difficulty of relying on a paper from outside the lawsuit, Plaintiffs also note that the Parties, in fact, discussed consolidation in New York state court. Specifically, Plaintiffs argue that

> The separate actions were so related that on September 29, 2015, a conference was held before the Hon. Catherine M. Bartlett, A.J.S.C. in the Orange County Supreme Court where counsel for Plaintiffs, Defendant[,] and the Town of New Windsor were present.

(Pls.' Mem. 6.) Even to the extent that the putative discussion, in fact, occurred within the context of *this* lawsuit, it would be a stretch to equate a purely oral conversation concerning the extent of damages to an "other paper" for purposes of § 1446(b)(3). *See, e.g.*, *Quintana v. Werner Enters., Inc.*, No. 09-CV-7771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009) ("Under [§] 1446(b) . . . , an oral assertion is insufficient to start the 30-day clock for a defendant's removal petition, as the text of the statute refers to a pleading, motion, order, 'or other paper.'"); *see also* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3731 (4th ed.) ("Courts ordinarily hold that oral statements do not trigger removability under the second paragraph of [§] 1446(b) because such statements do not qualify as an 'other paper.'"). Nevertheless, some courts have held that in-court statements that are transcribed do qualify as an "other paper." *See, e.g.*, *Atwell v. Boston Sci. Corp.*, 740 F.3d 1160, 1162 (8th Cir. 2013) (concluding that "oral statements, made at a court hearing and later transcribed, like deposition

---

[2] The conclusion that documents from other cases do not count as "other paper[s]" renders inapposite Plaintiffs' citation to *Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A.*, 77 F. Supp. 3d 376, 377 (S.D.N.Y. 2015), in which a case was rendered removable by virtue of a cover letter accompanying a complaint.

9

testimony, satisfy § 1446(b)(3)'s 'other paper' requirement"); *Estate of Davis v. DeKalb County*, 952 F. Supp. 2d 1369, 1371–73 (N.D. Ga. 2013) (remanding case to state court on the grounds that, "even assuming that the amended complaint itself did not provide notice . . . , [the] [d]efendants should have removed th[e] case within thirty days of July 11, 2012," because, at a "July 11, 2012, pre-trial conference[,] [the] [p]laintiffs made clear that the[ir] amended complaint was intended to raise claims under 42 U.S.C. § 1983," which provided a basis for removability).

This latter point would certainly be a promising proposition for Plaintiffs—if only there were any indication that the amount of damages came up at the September 29, 2015 conference. However, the Second Circuit has been clear that "the time for removal runs from the service of the first paper stating on its face the amount of damages sought." *Moltner*, 624 F.3d at 38; *see also Santamaria v. Krupa*, No. 15-CV-6259, 2015 WL 6760140, at *3 (E.D.N.Y. Nov. 5, 2015) (concluding that "the "removal clock' never began to run" where "the [c]ourt . . . conclude[d] that [the] [p]laintiffs [did] not serve[] [the] [d]efendants with any paper that specifie[d] the amount of damages sought"). In other words, because "defendants have no independent duty to investigate whether a case is removable," *Cutrone*, 749 F.3d at 143, even if it is true that (1) the Parties discussed consolidation at September 29, 2015 conference, (2) that conversation counts as an "other paper," and (3) the summons and complaint in the case brought by the Town made it unassailably clear that over $75,000 was at issue, there is *still* no basis to remove unless the amount in controversy were made clear at that conference, *see* § 1446(b)(3) (noting that notice of removal is to be "filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper *from which it may . . . be ascertained* that the case is . . . removable"). Of course, a defendant must still "apply a *reasonable* amount of intelligence

10

in ascertaining removability," *Moltner*, 624 F.3d at 37 (emphasis added) (internal quotation marks omitted); however, there is simply no indication that any amount of intelligence applied to anything said *at the September 29, 2015* conference would have allowed Defendant to ascertain the case's removability. Therefore, absent some basis to believe that was the case, the Court cannot conclude that the September 29, 2015 conference started the § 1446(b) clock. *See id.* ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.").

### D.  Defendant's Putative Email and Draft Order of Stipulation

Finally, Plaintiffs point to two other writings which may qualify as an "other paper" for purposes of § 1446(b)(3). First, in connection with the conference discussed above, according to Plaintiffs, "a [s]tipulation consolidating both [the Town's and Plaintiffs'] actions against . . . Defendant, was drafted by Defendant's counsel," but "was never executed, . . . due to the fact that counsel for the Town . . . had yet to file a [r]equest for [j]udicial [i]ntervention." (Pls.' Mem. 6.)  Second, in their Reply, Plaintiffs also stress that "Defendant was aware of potential federal court jurisdiction more than [30] days prior to the Motion to Remove as additionally shown by an e-mail between counsel for Defendant and [the] Town of New Windsor."  (Pl.'s Reply ¶ 9.)  In essence, Plaintiffs' position with respect to these materials is that documents written by Defendant demonstrate Defendant's awareness that the case was removable and thereby start the removal clock.

Even setting aside the question of whether Plaintiffs can appropriately first raise the issue of Defendant's e-mail in a reply memorandum, *see Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("[N]ew arguments may not be made in a reply brief . . . ."), neither argument is ultimately availing.  That is so because ample case law emphasizes that a

court's task in determining when the § 1446(b)(3) clock started does not entail an inquiry into a defendant's subjective knowledge. *See, e.g.*, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (finding that an affidavit created by the defendant's counsel that specified the amount in controversy as exceeding $100,000 was "based on the defendant's subjective knowledge," and holding that "the affidavit, created entirely by the defendant, is not 'other paper' under [§] 1446(b)"); *State Farm Fire & Cas. Co. v. Valspar Corp.*, 824 F. Supp. 2d 923, 930 (D.S.D. 2010) ("[A] district court need not inquire into the subjective knowledge of the defendant when determining when the defendant first ascertained the action had become removable."); *Morrison v. Capital One Auto Fin., Inc.*, No. 10-CV-00490, 2010 WL 1688508, at *1 (S.D.W. Va. Apr. 20, 2010) ("In determining whether the grounds for removal were ascertainable from a motion, order or other paper, a court must not inquire into the subjective knowledge of the defendant." (internal quotation marks omitted)). And that, in essence, is what Plaintiffs would have this Court do by considering the email (which neither states the amount in controversy nor copies Plaintiffs' counsel) or the draft stipulation (which the Court has not seen and which no party has suggested indicated the amount of damages). Indeed, to genuflect to the strength of Plaintiffs' factual argument rather than insist on a statement of the amount in controversy in a writing as required by the text of the rule would subvert the clear effort of the Second Circuit and numerous courts to subjugate the § 1446(b) clock to an easily applied, predictable, bright-line rule. *See Cutrone*, 749 F.3d at 143 (characterizing the Second Circuit's earlier decision in *Moltner* as "join[ing] the Eighth Circuit" in "drawing a bright line rule requiring service of a document explicitly stating the amount in controversy to trigger either 30–day period in . . . § 1446(b)" and quoting language from an Eighth Circuit decision that its rule "'promotes certainty and judicial efficiency by not requiring courts to inquire into what a

particular defendant may or may not subjectively know'" (quoting *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (per curiam)); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005) (noting that "[t]he jurisdictional and procedural interests served by a bright-line approach are obvious" and explaining that "an objective baseline rule avoids the spect[er] of inevitable collateral litigation over . . . whether [the] defendant had subjective knowledge [of removability] or whether [the] defendant conducted sufficient inquiry"). Thus, Plaintiffs' efforts to thwart removal on these grounds fall flat.

### III. Conclusion

Therefore, for the foregoing reasons, Plaintiffs' Motion to Remand is denied. The Clerk of the Court is respectfully requested to terminate the pending Motion. (*See* Dkt. No. 20.)

SO ORDERED.

Dated: White Plains, New York
       August 25, 2016

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE